In teh Matter of AR a Juvenile
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00257-CV

IN THE MATTER OF A.R., A JUVENILE

 

From the 19th District Court
McLennan County, Texas
Trial Court # 2002-2-J
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      A.R. pled true to engaging in delinquent conduct, namely, possession of cocaine, in an
amount less than one gram. Prior to his plea of true, A.R. filed and, the court heard, a motion
to suppress evidence. The court denied A.R.’s motion. We affirm.
      In one issue, A.R. generally contends that the juvenile court erred in failing to grant his
motion to suppress. Specifically he argues that (1) his initial detention was illegal because the
police had no reasonable suspicion of illegal activity; and (2) the good faith exception does not
apply to his “custodial detention.”
      In his written motion, A.R. contended only three things: (1) that he was arrested without a
warrant, probable cause, or other authority; (2) that any statements obtained from him were in
violation of various statutes and rights; and (3) that any evidence seized was without a warrant,
probable cause, or other authority. At the hearing, A.R. made no argument that he was
improperly detained. At the hearing, he argued the lack of suspicious activity in connection
with whether the officer had probable cause to arrest. No specific argument was made
concerning the illegality of his initial detention. Even at his motion for new trial, A.R. had no
quarrel with his initial detention. A.R.’s argument now concerning his initial detention does
not comport with any argument made before the juvenile court. Thus, this part of his issue is
not preserved for review. Tex. R. App. P. 33.1; see Jenkins v. State, 912 S.W.2d 793, 814-15
(Tex. Crim. App. 1993); In re C.Q.T.M., 25 S.W.3d 730, 738 (Tex. App.—Waco 2000, pet.
denied).
      It is difficult to understand what A.R.’s argument is concerning the second part of his
issue. A.R. claims that the State argued that an error created by the police which resulted in
A.R.’s custodial detention should be ignored because the officer acted in “good faith.” The
State did not make that argument.
      It is undisputed that the search which resulted in the discovery of the crack cocaine was
incident to an arrest. A search of a suspect incident to a lawful arrest need not be supported by
a search warrant. McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). The State
argued at the hearing and in response on appeal that the officer had probable cause at the time
A.R. was taken into custody to believe than an offense had been committed within the officer’s
presence, namely failure to properly identify himself upon request by the officer.
      In his motion to dismiss, A.R. alleged that his arrest and evidence seized was in violation
of the United States and Texas Constitutions. While an analysis of the legality of an arrest or
search under the Fourth Amendment or Article 1, § 9 may differ, A.R. presents no analysis
under either constitution. See Hulit v. State, 982 S.W.2d 431, 434-437 (Tex. Crim. App.
1998). But under either constitutional analysis, A.R.’s arrest was valid.
      A.R. wants us to hold that he was unlawfully arrested because the dispatcher ran a
criminal history check for a disorderly conduct citation, to which A.R. admitted, under the
wrong name; and when the citation could not be confirmed, the officer arrested A.R. for
failure to identify. This is the type of myopic analysis of evidence that courts must avoid. The
officer had many more circumstances to consider than simply that the dispatcher could not
locate the citation.
      The other circumstances relied on by the officer to take A.R. into custody included the
following:
      1.   A.R. had attempted to hide when officers passed by an apartment complex where
A.R. was loitering;
 
      2.   A.R. made furtive glances, as if looking for an escape route;
 
      3.   A.R. was in a high crime area, and police had just received complaints about
suspicious activity in the area;
 
      4.   A.R. had provided the officer with a name and date of birth;
 
      5.   A.R. had told the officer that he lived at that location;
 
      6.   Relatives of A.R. were asked A.R.’s name and date of birth;
 
      7.   The relatives, without equivocation or hesitation responded with a different date of
birth.

      In summary, we need not decide if the single piece of evidence A.R. wants us to review, a
criminal history check on the wrong name, is adequate to justify taking A.R. into custody. 
There was substantial additional testimony regarding factors that supported taking A.R. into
custody. Based on the totality of the circumstances, the arrest for failure to identify was
reasonable and the officer had probable cause to make that arrest. Thus, this second portion of
A.R.’s issue is overruled.
      The judgment adjudicating A.R. delinquent is affirmed.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



      (Justice Vance concurs with the following note:
I cannot join the majority opinion’s rendition
of the facts, but I concur in the judgment.)
Affirmed
Opinion delivered and filed May 12, 2004
[CV06]